UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 15, 2014

LETTER TO COUNSEL:

      RE:    *Donna Denise Crosten v. Commissioner, Social Security Administration*;
             Civil No. SAG-13-2681

Dear Counsel:

      On September 13, 2013, the Plaintiff, Donna Denise Crosten, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny Ms. Crosten's motion and grant the Commissioner's motion. This letter explains my rationale.

      Ms. Crosten filed her claim for benefits on August 5, 2009, alleging a disability onset date of July 15, 2004. (Tr. 112-19). Her claim was denied initially on July 22, 2010, and on reconsideration on December 3, 2010. (Tr. 53-57, 63-64). A hearing was held on March 19, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 30-47). Following the hearing, on March 30, 2012, the ALJ determined that Ms. Crosten was not disabled during the relevant time frame. (Tr. 7-24). The Appeals Council denied Ms. Crosten's request for review, (Tr. 1–6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Crosten suffered from the severe impairments of depression, low back pain, and restless leg syndrome. (Tr. 12). Despite these impairments, the ALJ determined that Ms. Crosten retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 416.967(b) except that any jobs should consist of just simple, routine tasks, and should not require more than occasional contact with the public, coworkers or supervisor's [sic]." (Tr. 14) After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Crosten could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled. (Tr. 18-19).

      Ms. Crosten presents three primary arguments on appeal. First, she argues that the ALJ assigned too little weight to the opinions of her treating mental health provider, registered nurse Donna Schellhase. Second, she contends that the ALJ erred in making an adverse credibility assessment. Third, she contends that the hypothetical presented to the VE was insufficient. Each argument lacks merit and is addressed in turn.

First, Ms. Crosten contests the assignment of "little weight" to the opinion of her mental health treating provider, registered nurse Donna Schellhase. Pl. Mot. 16-22. While the ALJ certainly could have provided a more detailed analysis, the ALJ premised the assignment of weight, not on the basis that Ms. Schellhase was not an acceptable medical source, but on the fact that Ms. Schellhase's opinion was "unsupported by any treating physician or detailed treatments [sic] notes establishing such limitations." (Tr. 18). In fact, there is a notable discrepancy between Ms. Schellhase's treatment notes and her May 31, 2011 opinion that Ms. Crosten exhibited marked difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace. (Tr. 344). Ms. Schellhase's treatment notes during the weeks pre-dating that opinion reflect that Ms. Crosten exhibited good participation and cooperation, congruent and normal mood, appropriate affect, normal and smiling behavior, and organized and goal directed thought processes. *See, e.g.,* (Tr. 354) (notes from May 16, 2011); (Tr. 355) (notes from May 11, 2011); (Tr. 356) (notes from May 4, 2011); (Tr. 357) (notes from April 20, 2011); (Tr. 358) (notes from April 6, 2011). Moreover, Ms. Crosten's concerns centered on her living situation and family issues. *Id*. While the notes from the date of the opinion, May 31, 2011, reflect that Ms. Crosten's mood was anxious, the remainder of the assessment remained positive. (Tr. 400). Nothing in the treatment notes, then, corroborates an opinion that Ms. Crosten had marked difficulties in either social functioning or concentration, persistence, or pace. The ALJ appropriately considered that significant discrepancy between the treatment notes and Ms. Schellhase's medical opinion in affording the opinion little weight. *See Halverson v. Astrue*, 600 F.3d 922, 930 (8th Cir. 2010) (citing *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007) and *Davidson v. Astrue*, 578 F.3d 838, 842-43 (8th Cir. 2009)) (finding that an ALJ properly discounted a treating physician's opinions where they were inconsistent with the medical evidence and with the doctor's own treatment notes); *see generally* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.").

In discussing Ms. Schellhase's opinion, Ms. Crosten further advances arguments regarding GAF scores assigned by various sources, and regarding the opinion of a state agency consultant, Dr. Ewell. Pl. Mot. 19-21. It is well established that GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue*, Case No. JKS–09–2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010). Moreover, while Dr. Ewell's opinion was advanced on the basis of two consultative examinations instead of the subsequent treatment notes from Ms. Schellhase, the ALJ was able to review all of the relevant evidence and determine how much weight to assign each opinion. In fact, the ALJ assigned only "some weight" to another state agency psychological consultant whose opinion pre-dated Ms. Schellhase's treatment, and that psychologist had found that Ms. Crosten's mental impairment was "not severe." (Tr. 17, 267). Accordingly, it is evident that the ALJ did not blindly accept the views of the state agency physicians, but carefully considered all opinions in rendering a decision.

Ms. Crosten also challenges the ALJ's adverse credibility determination. Pl. Mot. 22-26. First, the ALJ properly cited to the standard governing credibility determinations. (Tr. 16).

*Donna Denise Crosten v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2681
July 15, 2014
Page 3

Second, the ALJ marshaled substantial evidence to support his assessment, including observations that Ms. Crosten has not been consistent with her mental health treatment and has not complied with the repeated recommendations of her physicians that she try injections for her back pain  (Tr. 16, 376-77, 405, 415).  She also failed to pursue the recommendations of her physical therapist for ongoing treatment.  (Tr. 411-13).  The ALJ noted that Ms. Crosten reported repeatedly that she served as a caregiver for her young grandson, along with engaging in other daily activities.  (Tr. 15, 50-51, 250, 398).  Moreover, the ALJ cited the report from Dr. Figueroa, a neurosurgeon who was "unable to explain the symptomatology" and who opined that "[t]he overall exam does not show any hard signs of radiculopathy, peripheral neuropathy, or myelopathy."  (Tr. 415).  Another examining physician, Dr. Mir, stated that Ms. Crosten had "symptoms suggestive of lumbar radiculopathy, but there is no electrophysiological evidence of that."  (Tr. 275).  Finally, another examiner, Ms. Ferrante, stated that Ms. Crosten's "exam findings are out of proportion to her MRI findings and do not correlate with further testing/NCS."  (Tr. 403).  In combination, all of this evidence supports both the adverse credibility assessment and the RFC determined by the ALJ.

Finally, Ms. Crosten asserts that the ALJ should not have relied upon the VE's testimony adduced in response to the hypothetical comporting with the RFC assessment, and instead should have credited the VE's response to a different hypothetical containing additional restrictions.  Pl. Mot. 26-27. However, the ALJ is afforded "great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel,* 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999) (citing *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986)). The fact that the ALJ asked multiple hypothetical questions to the VE at the hearing does not require the ALJ to later credit all of the provisions of each hypothetical, so long as the RFC assessment eventually adopted by the ALJ is supported by substantial evidence.  Because the ALJ supported the RFC assessment with substantial evidence, the question posed to the VE was also proper.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge